IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAMONT WALKER,

                                                    ORDER

                  Plaintiff,

                                        13-cv-342-bbc

     v.

CHAD KELLER, JANEL NICKELS,
D. MORGAN, SARAH MASON,
TIMOTHY HAINES, BRIAN KOOL,
CHRISTINE BROADBENT,
CHRISTINE BEERKIRCHER and
MELONEE HARPER,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Lamont Walker, a prisoner at the Wisconsin Secure Program Facility, has filed a lawsuit raising claims against prison officials both at the Wisconsin Secure Program Facility and the Columbia Correctional Institution. Because plaintiff is a prisoner, I must screen the complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915A. However, I cannot yet conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure.

      Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or

1

occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff has violated this rule by including unrelated claims against officials at two prisons.

    Plaintiff's allegations relate to events that can be contained in two lawsuits:

    Lawsuit #1: Plaintiff was issued a false conduct report while at the Columbia Correctional Institution and then given a hearing that was held without proper due process.

    Lawsuit #2: After being transferred to the Wisconsin Secure Program Facility, officials fabricated information about plaintiff, leading to his being classified as "gang affiliated." Plaintiff has not been moved through the correct programming levels even though he has completed the programming necessary to do so.

    Under George, I may apply the initial partial payment plaintiff has made to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

    As for the other lawsuit, plaintiff has a more difficult choice. He may choose to pursue the other lawsuit separately. In that case, he will be required to pay a separate filing fee for that lawsuit as well. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each of the separate lawsuits he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

    Alternatively, plaintiff may choose to dismiss the lawsuit he does not pursue under this case number. If he chooses this route, he will not owe an additional filing fee or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed

without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute the case.

ORDER

1. Plaintiff Lamont Walker, may have until August 15, 2013, to identify for the court whether he wishes to proceed with Lawsuit #1 or Lawsuit #2 under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to proceed under case no. 13-cv-342-bbc.

2. Plaintiff may have until August 15, 2013, to advise the court whether he wishes

to pursue the lawsuit not proceeding under this case number, or whether he wishes to voluntarily dismiss it.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by August 15, 2013, I will enter an order dismissing the lawsuit as it presently exists without prejudice for his failure to prosecute.

Entered this 13th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge