IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONT WALKER,

                              Plaintiff,

     v.

CHAD KELLER, DONALD MORGAN,
and JANEL NICKEL,

                              Defendants.

OPINION and ORDER

13-cv-342-jdp

---

      Plaintiff Lamont Walker, a prisoner at the Wisconsin Secure Program Facility, brought this lawsuit alleging that defendant Chad Keller retaliated against him for filing a 2010 lawsuit against Keller by (1) giving him a false conduct report (for "authorizing" a letter to defendant Security Director Janel Nickel that made sexual demands and threatened to grope and kill her); and (2) providing false testimony against him at his disciplinary hearing, and that his due process rights were violated by (1) Nickel's approval of the conduct report despite being the victim of the alleged misconduct; (2) Keller's fabricated testimony; and (3) defendant Donald Morgan's decision to allow Keller to "deliberate" with the disciplinary committee after the hearing.

      In an August 5, 2014 order, I partially granted defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies on his claims; I dismissed plaintiff's due process claims against defendants Keller, Nickel, and Morgan, but requested supplemental briefing regarding the retaliation claims against defendant Keller and how they related to a particular grievance filed by plaintiff, stating as follows:

This leaves plaintiff's grievance No. CCI-2010-21811, which he appears to have initially submitted to the institution complaint examiner *before* he received the conduct report, but the issue he raises in that grievance (that Keller and Nickel were retaliating against him by falsely accusing him of writing the letter to Nickel) are closely related to the retaliation claims he brings against Keller for following up by giving plaintiff a false conduct report and then fabricating testimony at the disciplinary hearing. Defendants attempt to dismiss the October 2010 grievance by lumping it in with plaintiff's May 13, 2010 and August 6, 2010 grievances despite the fact that the October grievance squarely alleges that Keller pursued fabricated charges against him.

Usually, a grievance that predates the specific conduct alleged in the subsequent § 1983 action does not serve to exhaust administrative remedies concerning the later conduct. However, "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (citing *Parzyck v. Prison Health Servs. Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010) (prisoner "not required to initiate another round of the administrative grievance process on the exact same issue each time" a deprivation occurred); *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008) (prisoner "was not required to begin the grievance process anew when the very risk to his safety that he identified during the grievance process came to pass"); *Johnson v. Johnson*, 385 F.3d 503, 521 (5th Cir. 2004) ("As a practical matter, [plaintiff] could not have been expected to file a new grievance . . . each time he was assaulted"). "[O]nce a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley*, 729 F.3d at 650. One could argue that these cases are applicable to the present case because plaintiff's October 2010 grievance alerted prison officials to Keller's retaliatory desire to frame plaintiff for the threatening letter.

Whether *Turley* and these other cases *should* apply to the facts of this case is normally an issue defendants would be expected to raise in their briefs because it is their burden to show that plaintiff failed to exhaust his administrative remedies. *Id*. However, they failed to do so, neglecting to even address the October 2010 grievance in their brief-in-chief. Because the contours of the multiple-grievance rule discussed in *Turley* are not well developed, the prudent step is to ask the parties for supplemental briefing on whether the October 2010 grievance served to exhaust plaintiff's retaliation claims against defendant Keller. Accordingly, I will set a short schedule for supplemental briefs.

Dkt. 42 at 9-10.

In their supplemental briefing, defendants raise two arguments supporting their position that grievance No. CCI-2010-21811 failed to exhaust petitioner's administrative remedies on the retaliation claims against Keller: (1) the earlier grievance about retaliation cannot serve to exhaust a prisoner's complaint about the later disciplinary process, which has its own mechanisms for such complaints; and (2) even assuming that the earlier grievance could satisfy the exhaustion requirement for the alleged retaliation in the disciplinary process, plaintiff failed to properly raise the relevant concerns in the appeals of that grievance.

I am not convinced that the issue regarding separate mechanisms for the Inmate Complaint Review System and the prison disciplinary process (whereby a complaint about misconduct in the disciplinary process must be brought within the disciplinary proceeding itself) is dispositive; if a prisoner grieved a truly identical issue *before* the disciplinary process itself that reoccurred *during* the disciplinary process, it would be difficult to distinguish *Turley* from that scenario.

However, even assuming that *Turley* might allow an ICRS grievance to exhaust an issue that is later raised in disciplinary proceedings, defendants argue that plaintiff's ICRS grievance No. CCI-2010-21811 did not serve to exhaust the relevant issue—Keller's retaliation against plaintiff—by raising the issue throughout every step of the ICRS process. Defendants provide the court with the entire administrative record of plaintiff's grievance No. CCI-2010-21811. After plaintiff's initial grievance was dismissed, plaintiff appealed to the corrections complaint examiner. His appeal stated as follows:

> According to ICE summary Janel Nickel (Security Director) did not address this issue appropriately because it's all through my file unable to go to WSPF due to psychological issues so there's NOT a significant reason for transfer to WSPF. Jamie Voss specifically stated "you're not going to be approved for transfer to WSPF, due to your psychological issue." Previously I was told by Janel Nickel that they don't do seg to seg transfer.

3

Please investigate these matters.

Dkt. 44 at 13.

Plaintiff's appeal does not mention the letter, defendant Keller's retaliation, or the pending retaliatory charges against him. While plaintiff may have properly raised a claim against Nickel in the appeal, he did not raise the issue of Keller's retaliation, which means that he failed to "properly take each step within the administrative process," necessary to exhaust a claim against Keller for retaliating against him. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Plaintiff seems to argue that the institution complaint examiner erred in characterizing plaintiff's initial grievance as only about his evaluation for transfer to WSPF, but he does not explain how that excuses him from the exhaustion requirement. Plaintiff could have re-raised the issue of Keller's retaliation in the appeal but chose not to. Because I conclude that plaintiff failed to fully exhaust his retaliation claims against Keller in grievance No. CCI-2010-21811, I will grant defendants' motion for summary judgment on the retaliation claims. As this results in defendants' motion for summary judgment being granted in its entirety, I will direct the clerk of court to enter judgment in favor of defendants.[1]

---

[1] Defendants have also filed a motion to stay the remainder of the schedule while the exhaustion issue is being resolved. Dkt. 53. Because this order disposes of the case, I will deny this motion as moot.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff's failure to properly exhaust his administrative remedies, Dkt. 29, is GRANTED; all of plaintiff's claims in this case are DISMISSED without prejudice.

2. Defendants' motion to stay the remainder of the schedule, Dkt. 53, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 7th day of January, 2015.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge